**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARTHA O., | No. 24-cv-08886 (MEF) |
| *Plaintiff,* | |
| v. | **OPINION and ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| *Defendant.* | |

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*    \*    \*

A woman[1] applied for disability benefits.  See Complaint (ECF 1) ¶ 6.  She was determined to be disabled and eligible for benefits as of January 2021.  See Administrative Record (ECF 6) at 88.

The woman requested a hearing before an administrative law judge ("ALJ"), arguing that she had become disabled around nine months earlier, in March 2020.  See id. at 99–100; see also Complaint ¶ 4.[2]

---

[1]  Martha O.

[2]  There were some steps between the application and the ALJ's decision.  They are not relevant here.

A telephone hearing was held, see Complaint ¶ 7, and the ALJ agreed that the woman had only become disabled in January 2021. See id. ¶ 8.[3]

The Appeals Council affirmed, see id. ¶ 9, and the woman took an appeal here.  See id. ¶ 10.

From this point, she is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."

\*       \*       \*

The Plaintiff points to a set of asserted errors in the ALJ's decision.

Tick through these one at a time.

\*       \*       \*

First, the Plaintiff argues that the ALJ's decision should be vacated because the ALJ based her ruling in part on medical opinions from August 4, 2020 and November 19, 2020 --- but she attributed those opinions to the wrong doctor.  See Plaintiff's Opening Brief (ECF 9) at 21–23; Plaintiff's Reply to Defendant's Brief ("Plaintiff's Reply") (ECF 12) at 2–5.

In particular, the ALJ said the August 4 and November 19 opinions had been offered by Dr. Sean Lager of Gotham City Orthopedics, see Martha O., Administrative Record at 33 --- but they were actually prepared by his Gotham City Orthopedics colleague, Dr. Andrew Farber.  See Administrative Record at 648–70.

But nothing purported to turn on this mix-up.[4]  The relevant part of the ALJ's written decision cites the correct documents in the administrative record.  See Martha O., Administrative Record at

---

[3]  The ALJ's 24-page written opinion is at Martha O. (S.S.A. A.L.J. Jan. 9, 2024).  It can be found beginning at page 19 of the administrative record.

[4]  And something needed to.  An error can be a basis for undoing an ALJ's decision only if it "was harmful."  See Shinseki v. Sanders, 556 U.S. 396, 410 (2009); Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 766 (3d Cir. 2016) (applying Shinseki to Social Security appeal); Taylor v. Comm'r of Soc. Sec., 826 F. App'x 224, 226 (3d Cir. 2020) (same); R.Z. v. Comm'r of Soc. Sec., 2025 WL 1823104, at *2 (D.N.J. July 2, 2025) (same).

33.  And the ALJ did not suggest that it mattered to her one way or another who the doctor was, Lager or Farber.

Standing alone, misattribution of a medical opinion does not warrant setting aside an ALJ's decision when there is no indication that the error had any knock-on effects.  See Ortiz v. Colvin, 298 F. Supp. 3d 581, 591 (W.D.N.Y. 2018) (affirming an ALJ's decision to afford "little weight" to an opinion attributed to the wrong medical provider because there was no suggestion the decision would have changed had the provider been correctly identified); Johnson v. Colvin, 2014 WL 3809106, at *5 (D. Colo. Aug. 1, 2014) ("The ALJ accurately described [the doctor's] medical opinions, and he considered these opinions as he is required to consider any medical source. Under these circumstances, the fact that the ALJ used the wrong name to refer to [the doctor] does not require remand.") (internal citation omitted); Johnson v. Colvin, 2015 WL 6738900, at *15 n.8 (E.D.N.Y. Nov. 4, 2015) (holding that a misattribution of a medical opinion to the wrong physician was a "probable typo [that] had no substantive impact on the ALJ's analysis, and certainly does not call for a remand"), aff'd sub nom. Johnson v. Comm'r of Soc. Sec., 669 F. App'x 580 (2d Cir. 2016); Davis v. Astrue, 2012 WL 9392188, at *4 n.72 (S.D. Tex. Feb. 3, 2012) (holding that "any error by the ALJ in referring to the doctor by the wrong name is harmless because" it "does not affect the substance of the report upon which the ALJ relied"); Helton v. Astrue, 2011 WL 4436535, at *5 (W.D. Mo. Sept. 23, 2011) (affirming an ALJ's decision that attributed a medical opinion to the wrong physician because the ALJ "referred to the right exhibit" and the opinion he was referring to, in context, was "clear"); Wekwert v. Astrue, 2009 WL 700599, at *3 (M.D. Fla. Mar. 17, 2009) (rejecting the argument that an ALJ ignored a medical opinion because the opinion was discussed, just attributed to the wrong doctor); Cabo v. Colvin, 2015 WL 5306226, at *6 (E.D. Wash. Sept. 10, 2015) (affirming an ALJ's rejection of an incorrectly-attributed medical opinion because it did not affect the validity of the underlying analysis); cf. Reed v. Astrue, 2010 WL 3824229, at *3 & n.5 (W.D. Pa. Sept. 23, 2010) (affirming an ALJ's decision to give only "minimal weight" to an incorrectly-attributed medical opinion where the error did not affect the ALJ's analysis).[5]

---

[5]  Some cases come out the other way.  But that is because they involve circumstances in which misattribution seems to have

That is this case.

The Plaintiff has the burden of showing an error was harmful. See generally footnote 4.

But she has not shown that anything about the ALJ's analysis --- let alone her ultimate conclusion --- depended on whether it was Dr. Farber or Dr. Lager who offered the August 4 and November 19 opinions.

*    *    *

Second, the Plaintiff argues that the ALJ should not have disregarded the August 4 and November 19 opinions. See Plaintiff's Opening Brief at 24-26.[6]

The ALJ should not have set aside those two opinions, the argument goes, because they were consistent with the medical findings they were said to rest on.

---

impacted the ALJ's analysis. See Rhiannon W. v. Comm'r of Soc. Sec., 2023 WL 6118267, at *5 (W.D.N.Y. Sept. 19, 2023) (misattribution caused the ALJ to inaccurately characterize the record); Pang v. Kijakazi, 2022 WL 214795, at *4 (D. Haw. Jan. 25, 2022) (remanding because "it [was] entirely possible" that the misattribution affected the ALJ's perception of a provider's credibility); Karen D.R. v. Kijakazi, 2023 WL 5009251, at *8 (E.D. Va. July 11, 2023) (remanding in part because the misattribution undermined the ALJ's conclusion that other medical opinions were unpersuasive), report and recommendation adopted, 2023 WL 5004034 (E.D. Va. Aug. 4, 2023); Alexander v. Colvin, 2015 WL 2399846, at *6 (D.S.C. May 19, 2015) (remanding because the misattribution led the ALJ to apply the wrong standard when evaluating the relevant medical opinion).

[6]  The two referenced opinions were akin to the residual functional capacity assessments routinely made by ALJs in benefits proceedings.  They essentially spoke to what the Plaintiff was "still able to do despite the limitations caused by . . . her impairments." Loiska J. v. Comm'r of Soc. Sec., 2026 WL 100512, at *9 n.3 (D.N.J. Jan. 14, 2026) (cleaned up). And like residual functional capacity assessments, the August 4 and November 19 opinions were based on medical findings --- here, as to the Plaintiff's strength and range of motion. See Administrative Record at 648, 651-52 (findings supporting November 19 opinion); id. at 665, 667-68 (findings supporting August 4 opinion).

4

But the ALJ was not required to accept the opinions.  See Brown v. Astrue, 649 F.3d 193, 196 n.2 (3d Cir. 2011).

Rather, she was allowed to reject them, provided she explained why.  See, e.g., Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

That is what she did.

In her written decision, the ALJ indicated that the August 4 and November 19 opinions were "not persuasive" because they were issued in connection with a worker's compensation claim --- a "separate and distinct program" operating under "different standards for evaluating eligibility for disability."  Martha O., Administrative Record at 33.

Resting in part on this basis for not accepting the medical opinions --- this was allowed.  See Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984) (holding that "the ALJ could reasonably disregard" certain physicians' conclusions "as to [the claimant's] disability for worker's compensation purposes"); see also Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999) (describing a report issued "in connection with [the claimant's] workers compensation claim" as having "limited significance").

Moreover, the ALJ explained that she not relying on the August 4 and November 19 opinions because they were "not consistent with the overall evidence of record."  Martha O., Administrative Record at 33.

In particular, the ALJ determined that these two opinions were inconsistent with medical records from (i) the Plaintiff's physical therapist, see id. at 34 (citing Administrative Record, 330-33), and (ii) the surgeon who operated on her, see id. at 33 (citing Administrative Record, 691-94, 2380-83, 1667-71).

This was another permissible reason to set aside the August 4 and November 19 opinions.  See Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 640 (3d Cir. 2024) (affirming an ALJ's decision to reject a psychiatric opinion that was "not consistent with the record") (cleaned up); accord Bryson v. Comm'r Soc. Sec., 639 F. App'x 784, 787 (3d Cir. 2016) (affirming an ALJ's decision not to afford a medical opinion "controlling weight [in part] because it was not consistent with the medical evidence as a whole").

5

The ALJ, in short, did not rest her decision on the two referenced medical opinions.  But she meaningfully explained why she chose not to, and if the ALJ's explanations were somehow insufficient, it was for the Plaintiff to say what was lacking.  See footnote 4.  She has not done so.

\*     \*     \*

Third, the Plaintiff argues that the ALJ was wrong to disregard a May 10 opinion from Dr. Lager.  See Plaintiff's Brief at 24-26.

Wrong, as an initial matter, because the assessment of the May 10 opinion was "tainted" by the ALJ's misattribution of the August 4 and November 19 opinions.  See Plaintiff's Opening Brief at 25.

But same basic point as above.  The Plaintiff has not explained how the ALJ's assessment of the May 10 opinion depended on which doctor issued the August 4 and November 19 opinions.

The Plaintiff also contends that the ALJ should have relied on the May 10 opinion because it was well-supported by the results of the examination that Dr. Lager performed.  See id. at 25-26.

But as with the August 4 and November 19 opinions, the ALJ explained that the May 10 opinion was not useful because it was issued in the worker's compensation context.  See Martha O., Administrative Record at 33.

And as before, the ALJ did not accept the May 10 opinion because, in her judgement, there was a disjunct between that opinion and other evidence, including medical records from (i) the Plaintiff's physical therapist, see id. at 34 (citing Administrative Record, 330-33), and (ii) the surgeon who operated on her, see id. at 33 (citing Administrative Record, 691-94, 2380-83, 1667-71).[7]

---

[7]  The Plaintiff also argues that the ALJ wrongfully rejected the May 10 opinion based on misunderstanding of the examinations underpinning the August 4 and November 19 opinions.  See Plaintiff's Reply at 4-5.  But this argument does not work.  The ALJ described the examinations on which the August 4 and November 19 opinions were based as showing "normal cervical [range of motion], full motor strength in the right rotator cuff, and nearly full flexion, abduction, and external rotation, with full extension and adduction."  Martha O., Administrative Record at 33.  This summary is consistent with the record.  See

6

\*    \*    \*

Fourth, the Plaintiff argues that the ALJ erred when she rejected the opinion of Dr. Dermksian without fully describing the examination he conducted or all the elements of his medical opinion.  See Plaintiff's Opening Brief at 27-28.

But the ALJ summarized the Doctor's opinion.  See Martha O., Administrative Record at 34.  And that was enough.  Every piece of the Doctor's opinion did not need to be laid out.  Nor did every part of the examination underlying the opinion.  See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (noting that an ALJ is not "expect[ed] to make reference to every relevant treatment note"); Dellapolla v. Comm'r of Soc. Sec., 662 F. App'x 158, 162 (3d Cir. 2016) ("[T]he cherry-picking of unmentioned details from a voluminous record does not a viable claim make."); Beety-Monticelli v. Comm'r of Soc. Sec., 343 F. App'x 743, 747 (3d Cir. 2009) (noting that an ALJ "need not mention every piece of evidence in the record"); Hur v.

_____

Administrative Record at 668 (concluding cervical spine range of motion was normal at August 4 examination); id. at 652 (concluding right "[r]otator cuff strength testing [was] 5/5" at November 19 examination); id. at 651 (concluding right shoulder forward flexion was 160 degrees, with normal being 180 degrees at November 19 examination); id. at 668 (concluding right shoulder abduction was 160 degrees, with normal being 180 degrees at August 4 examination); id. (concluding right shoulder external rotation was 70 degrees, with normal being 90 degrees at August 4 examination); id. at 652 (same, but at November 19 examination); id. (describing right shoulder extension as 60 degrees, with normal being 60 degrees at November 19 examination); id. (describing right shoulder adduction as 30 degrees, with normal being 30 degrees at November 19 examination).  To be sure, the ALJ's summary was not comprehensive.  It did not reference that the August 4 examination described the range of motion in the Plaintiff's hips.  See id. at 668.  Or that the August 4 examination showed slightly less than full strength in the Plaintiff's right rotator cuff.  See id.  But no matter.  "[T]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).  And here, there is more than enough to support the ALJ's rejection of the May 10 opinion, for the reasons described in the text.

Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").

Moreover, the ALJ had her reasons for finding Dr. Dermksian's opinion unpersuasive.

The ALJ, among other things, spotlighted a particular difficulty with Dr. Dermksian's opinion --- the clinical exam that undergirded it came too late, and "occur[ed] after the period at issue." Id.

This was another lawful reason for discounting the Doctor's opinion. See, e.g., Marshall v. Saul, 830 F. App'x 179, 181 (9th Cir. 2020) (affirming an ALJ's decision to assign "limited weight" to a medical opinion in part because "it was made after the period at issue here"); Parker v. Saul, 2020 WL 673055, at *3 (W.D. Pa. Feb. 11, 2020) (affirming an ALJ's decision to afford "no weight" to certain medical opinions because they were "dated . . . well after the period at issue"); Wolford v. Berryhill, 2017 WL 6405865, at *3, *8 (M.D. Pa. Dec. 15, 2017) (affirming an ALJ's decision to afford "limited weight" to a medical opinion in part "because the assessment was rendered quite some time after the period at issue"); Miranda v. Comm'r of Soc. Sec., 2023 WL 6385727, at *9–10 (E.D.N.Y. Sept. 29, 2023) (affirming an ALJ's decision to afford opinions "little weight" in part because the underlying "examinations were conducted years after the period at issue") (cleaned up).

* * *

The Defendant determined that the Plaintiff was disabled as of January 2021, and the Plaintiff has not carried her burden of showing that the Defendant got this wrong.

Therefore, the Commissioner's decision is affirmed.

IT IS on this 6th day of March, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

8